UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,

vs.

KENNETH DAVID CALEY,

       Defendant.
       _____/

Criminal Action No. 91-cr-80950
Criminal Action No. 91-cr-80668
HON. BERNARD A. FRIEDMAN

## OPINION AND ORDER DENYING DEFENDANT'S RENEWED MOTION TO REDUCE HIS SENTENCE

Before the Court is defendant Kenneth David Caley's renewed motion to reduce his sentence. (ECF No. 58).[1] The government responded in opposition to the motion. (ECF No. 64). Caley filed a reply. (ECF No. 67). The Court shall decide the motion without oral argument pursuant to E.D. Mich. LR 7.1(f)(1). For the following reasons, the Court will deny the motion.

Caley recently completed a state prison sentence for two counts of armed robbery after perpetrating a bank heist in April 2010. (ECF No. 58, PageID.1014). Because he committed the state offenses while on federal supervised release for a

---

[1] Caley's motion, along with the associated response and reply briefs, are filed in duplicate to Case No. 91-cr-80950. Except for the decretal section, this opinion and order will reference the docket entries as they appear in Case No. 91-cr-80668.

previous spate of bank robberies, this Court sentenced him to 24 months imprisonment, to run consecutively with the state sentence. (*Id.*, PageID.1015). He now seeks to reduce his sentence pursuant to 18 U.S.C. § 3852(c)(1)(A), citing his age (63) and several health-related conditions that would increase his risk of severe complications from COVID-19.[2] (*Id.*, PageID.1017-31).

District courts may modify a defendant's sentence only where a statute vests them with such authority. *United States v. Johnson*, 564 F.3d 419, 421 (6th Cir. 2009); *see also United States v. Ross*, 245 F.3d 577, 586 (6th Cir. 2001) ("The authority of a district court to resentence a defendant is limited by statute" and is "expressly prohibit[ed] . . . beyond those exceptions expressly enacted by Congress."). 18 U.S.C. § 3582(c)(1)(A) is one of those statutes. It provides, in relevant part, that:

> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) [18 USCS § 3553(a)] to the extent that they are applicable, if it finds that—

---

[2] Caley contracted COVID-19 in May 2020 and recovered. (ECF No. 28, PageID.63 n.1; ECF No. 30-1, PageID.183, 212, 301).

2

> (i) extraordinary and compelling reasons warrant such a reduction . . .

18 U.S.C. § 3582(c)(1)(A)(i).

The Sixth Circuit has clarified "how district courts, following the enactment of the First Step Act, should analyze defendant-filed motions seeking release [or a sentence reduction] under § 3582(c)(1)(A)." *United States v. Hampton*, 985 F.3d 530, 531 (6th Cir. 2021).

> In resolving those motions, district courts now face two questions: (1) whether extraordinary and compelling circumstances merit a sentence reduction; and (2) whether the applicable § 3553(a) factors warrant such a reduction. A third consideration, the § 1B1.13 policy statement, is no longer a requirement courts must address in ruling on defendant-filed motions.

*Id.* (citations omitted).

Applying this framework, the Court declines to reduce Caley's sentence on several grounds.[3] *First*, the quarantine conditions that BOP imposed on Caley to counter the spread of COVID-19 are not extraordinary and compelling because they are necessary and generally applied to the entire inmate population. *See United States v. McKinnie*, No. 21-3608, 2022 U.S. App. LEXIS 2418, at *9 (6th Cir. Jan.

---

[3] "[A]n imprisoned person may file a motion for compassionate release after (1) exhausting the BOP's administrative process; or (2) thirty days after the warden received the compassionate release request – whichever is earlier." *United States v. Jones*, 980 F.3d 1098, 1105 (6th Cir. 2020); *see also* 18 U.S.C. § 3582(c)(1)(A). The government does not contest that Caley exhausted his administrative remedies. (ECF No. 64, PageID.1533).

3

26, 2022); *United States v. Williams*, No. 19-CR-5, 2021 U.S. Dist. LEXIS 53022, at *14-15 (E.D.N.Y. Mar. 22, 2021) (finding that confinement conditions are not extraordinary and compelling where they are "reasonably necessary measures . . . to mitigate the spread of the COVID-19 virus").

*Second*, Caley's rehabilitation in prison does not alone present extraordinary and compelling circumstances warranting a reduced sentence. *McKinnie*, 2022 U.S. App. LEXIS 2418, at *9 ("Rehabilitation . . . is not by itself extraordinary and compelling."); *United States v. Bass*, 17 F.4th 629, 637 (6th Cir. 2021) (same).

*Third*, although he purportedly suffers from serious medical conditions – including Hepatitis C, epilepsy, and a seizure disorder – Caley received the initial two doses of Moderna's COVID-19 vaccine and a subsequent booster. (ECF No. 47-2, PageID.497; 538-41; ECF No. 67-2, PageID.1611). According to this circuit's governing caselaw, "a defendant's incarceration during the COVID-19 pandemic—when the defendant has access to the COVID-19 vaccine—does not present an extraordinary and compelling reason warranting a sentence reduction." *United States v. Lemons*, 15 F.4th 747, 751 (6th Cir. 2021) (cleaned up). Caley's vaccination status, therefore, "substantially undermines his request for a sentence reduction." *Id.*

And *lastly*, assuming Caley's request meets the "extraordinary and compelling" threshold, the Sixth Circuit has "repeatedly recognized that district courts may deny relief under the § 3553(a) factors" where "extraordinary and

4

compelling reasons would otherwise justify relief." *United States v. Ruffin*, 978 F.3d 1000, 1008 (6th Cir. 2020) (cleaned up). When making sentencing determinations, courts are required to consider "the nature and circumstances of the offense" as well as "the need for the sentence imposed . . . to promote respect for the law," "afford adequate deterrence to criminal conduct," and "protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a)(1), (2)(A)-(C). These factors cut against reducing Caley's sentence.

To start with, a district court's "initial balancing of the § 3553(a) factors" during the defendant's sentencing "remains an accurate assessment as to whether those factors justify" a subsequent sentence reduction. *United States v. Sherwood*, 986 F.3d 951, 954 (6th Cir. 2021). The defendant must, as a result, "make a compelling case as to why the sentencing court's § 3553(a) analysis would be different if conducted today." *Id.*

Here, Caley's criminal record indicates that he robbed well over ten banks while on state parole or federal supervised release – "acts which demonstrate a clear disregard for the law and public safety." *United States v. Ballard*, No. 02-80315, 2021 U.S. Dist. LEXIS 237311, at *6 (E.D. Mich. Dec. 10, 2021). His crimes placed customers, as well as bank employees, at risk of serious physical harm and inflicted untold psychological trauma. Caley also continued to abuse prohibited substances during his most recent incarceration in state prison. (ECF No. 46-1, PageID.234).

And he has escaped from correctional environments in the past. (ECF No. 64, PageID.1530). Considering the breadth and severity of his criminal history, as well as the length of the remaining portion of his sentence (he just recently commenced serving his 24-month term), reducing Caley's sentence would not further the sentencing objectives section 3553(a) aims to achieve.

One addtional point. Caley asks that his federal sentence be credited one-week for the additional time he served in state custody. (ECF No. 58, PageID.1023). The Court denies this request because it lacks the requisite jurisdition to decide the amount of credit Caley should receive. 18 U.S.C. § 3585(b); *United States v. Wilson*, 503 U.S. 329, 335 (1992). The authority to determine what credit, if any, is awarded to prisoners for time spent in custody prior to the commencement of their federal sentences resides with the Attorney General and BOP. *United States v. Crozier*, 259 F.3d 503, 520 (6th Cir. 2001). Nor is section 3582(c) the appropriate vehicle for challenging BOP's determination of credits for time served in state custody. *United States v. Mattice*, No. 20-3668, 2020 U.S. App. LEXIS 31870, at *5 (6th Cir. Oct. 7, 2020). "Miscalculations of jail-time credits must" instead "be challenged under 28 U.S.C. § 2241." *United States v. Board*, 747 F. App'x 405, 408 (6th Cir. 2018).[4] Accordingly,

---

[4] The Court reaches this outcome even though the government did not oppose this portion of Caley's motion. (ECF No. 64, PageID.1532).

6

IT IS ORDERED that Caley's renewed motion to reduce his sentence (ECF No. 58; Case No. 91-cr-80950, ECF No. 42) is denied.

Dated: May 9, 2022
      Detroit, Michigan

s/Bernard A. Friedman
Bernard A. Friedman
Senior United States District Judge